## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 09 2018, 6:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jeffrey A. Baldwin
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin
   & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Stephen R. Creason
Chief Counsel for Appeals and
Deputy Attorney General

F. Aaron Negangard
Chief Deputy Attorney General

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Obed Nyarenchi,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

October 9, 2018

Court of Appeals Case No.
18A-PC-409

Appeal from the Marion Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause No.
49G04-1501-PC-2906

**Vaidik, Chief Judge.**

[1] Obed Nyarenchi appeals the denial of the petition for post-conviction relief that he filed after a jury found him guilty of attempted murder and burglary for

breaking into a house in Speedway and attacking another man with a hatchet and a hammer. His trial attorneys asserted but then withdrew a defense of mental disease or defect. *See* Ind. Code § 35-41-3-6(a) ("A person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he was unable to appreciate the wrongfulness of the conduct at the time of the offense."). Nyarenchi contends that the attorneys should have done more to develop that defense and then presented it at trial, and he asserts that their failure to do so constitutes ineffective assistance of counsel. To prevail on his ineffective-assistance claim, Nyarenchi had to show not only that the failure to develop and present a mental-disease-or-defect defense amounted to "deficient performance" but also that he was prejudiced by that failure, i.e., that there is a reasonable probability that the jury would have found him not guilty if his attorneys had developed and presented the defense. *See Woods v. State*, 701 N.E.2d 1208 (Ind. 1998), *reh'g denied*. On appeal, Nyarenchi states that he "has met this burden." Appellant's Br. p. 12. But that is the extent of his argument. He does not direct us to a single piece of evidence that would have supported a mental-disease-or-defect defense. In fact, his three-sentence argument on this issue does not include any citations to the record, in violation of Indiana Appellate Rule 46(A)(8)(a) ("Each contention must be supported by citations to . . . the Appendix or parts of the Record on Appeal relied on[.]"). As such, he has not shown that the trial court erred by denying his petition.

Affirmed.

Riley, J., and Kirsch, J., concur.